UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


KENDALL HEALTHCARE
GROUP, LTD, et al.,

     Plaintiffs,

v.                                Case No. 8:24-cv-785-KKM-CPT

1199 SEIU, UNITED HEALTHCARE WORKERS
EAST, FLORIDA REGION,

     Defendant.
_____

## ORDER

Seventeen hospitals sue their union, 1199SEIU, United Healthcare Workers East, Florida region (the Union) for breaching the parties' Collective Bargaining Agreement (CBA). *See* Compl. (Doc. 1). The union moves to dismiss the hospitals' complaint. Def.'s Mot. to Dismiss (Doc. 16). The union also moves to stay discovery pending the resolution of its motion to dismiss. Def.'s Mot. to Stay Discovery (Doc. 38). For the reasons explained below, that motion to stay is denied.

A district court has broad discretion to stay proceedings as "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S.

248, 254 (1936). In exercising that broad discretion, a district court may grant a motion to stay proceedings upon a showing of good cause and reasonableness. *See Feldman v. Flood*, 176 F.R.D. 651, 652–53 (M.D. Fla. 1997); *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). Accordingly, the proponents of a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis*, 299 U.S. at 255. As a result, stays are generally disfavored unless resolution of a pending motion would eliminate meritless claims or significantly alter the scope of discovery. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367–70 (11th Cir. 1997) ("[W]hen faced with a motion to dismiss a claim for relief that significantly enlarges the scope of discovery, the district court should rule on the motion before entering discovery orders, if possible.").

The union principally argues that there is an "immediate and clear possibility that it['s motion to dismiss] will be granted," so staying the case will eliminate the need for burdensome discovery. Def.'s Mot. to Stay Discovery at 3–4 (quoting *Feldman*, 176 F.R.D. at 652). After taking a "preliminary peek," I'm not so sure. *Feldman*, 176 F.R.D. at 652. Particularly as to Count II of the complaint, the parties raise arguments about (1) whether federal or state law applies, (2) whether the hospitals state a claim for relief under either federal or state law, and (3) whether, in any event, the union's responsive filing of a grievance divests this Court of jurisdiction because the matter becomes arbitrable

under the CBA. *See* Def.'s Mot. to Dismiss (Doc. 16) at 8–13; Pls.'s Resp. to Def.'s Mot to Dismiss (Doc. 19) at 19–29; Def.'s Reply in Supp. of Mot. to Dismiss (Doc. 25) at 4–10; Pls.'s Sur-Reply to Def.'s Mot. to Dismiss (Doc. 28) at 8–10. Given the complexity of these arguments, the motion's resolution is not immediately clear. And as the hospitals point out, the union has failed to identify any harm it would suffer if the motion were denied other than the ordinary costs of discovery. Pls.'s Resp. in Opp. to Def.'s Mot. to Stay Discovery (Doc. 39) at 5. Given the union's admission that many of the documents that the hospitals have requested are already within the hospitals' control and other documents are publicly available, I'm confident that the parties can cooperate to reduce unnecessary expense. *See generally Middle District Discovery* § I(A). Discovery should therefore proceed.

Accordingly, the Defendant's Motion to Stay (Doc. 38) is **DENIED**.

**ORDERED** in Tampa, Florida, on October 29, 2024.

Kathryn Kimball Mizelle
United States District Judge

3