## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

KENDALL HEALTHCARE
GROUP, LTD., et al.

     Plaintiffs,

v.                                                                Case No: 8:24-cv-0785-KKM-CPT

1199SEIU, UNITED HEALTHCARE
WORKERS EAST, FLORIDA REGION

     Defendant.

_____

## ORDER

A group of hospitals sue their union for breaching their collective bargaining agreements by submitting defective dues authorizations, filing unfair labor practice charges, and refusing to indemnify the hospitals for the cost of defending against those charges. The union moves to dismiss their complaint or, in the alternative, to stay the second count pending arbitration. Because the hospitals fail to state a claim on their first count and because the second count is subject to arbitration, the union's motion is granted in part and proceedings are partially stayed.

## I.   BACKGROUND

The plaintiffs are seventeen hospitals that entered into separate collective-bargaining agreements (CBAs) with the defendant union, 1199SEIU, United Healthcare Workers East, Florida Region. Compl. (Doc. 1) ¶¶ 2–19, 22.[1] The CBAs are not materially different with respect to the issues raised here. *Id.* ¶ 22. Central to the parties' dispute is Article 46 of the CBAs, which allows "the Union to submit electronic dues authorization forms, provided that they were signed and authenticated like any other dues authorization." *Id.* ¶ 23. Section 5 of Article 46 includes an indemnification provision obligating the union to indemnify the hospitals for claims arising out of the hospitals' performance of the terms of Article 46. *Id.* ¶ 24.

In July 2021, the parties began disputing whether the hospitals should process dues authorization forms that did not have an employee's authenticated signature on them. *Id.* ¶ 25. The parties were unable to resolve that dispute, and the union responded by filing unfair labor practice charges against the hospitals. *Id.* ¶ 29. The National Labor Relations Board ultimately affirmed the charges' dismissal and deferred the matters to arbitration in May 2023. *Id.* ¶ 35. The union declined to pursue any of the charges in arbitration and the matter was closed in January 2024. *Id.* ¶ 36.

---

[1] At the motion-to-dismiss stage, I accept the factual allegations in the complaint as true. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

Later that January, the hospitals formally demanded that the union indemnify them under Article 46, § 5 of the CBAs for the costs incurred in defending against the union's unfair labor practice charges. *Id.* ¶ 39. The union rejected that demand, *id.* ¶¶ 40, 53, and instead filed a grievance claiming that the hospitals' indemnification demand violated Article 46, *see* (Doc. 16-2). After proceeding through the grievance process, the union demanded arbitration on that issue on May 1, 2024. *See* (Doc. 16-3).

The hospitals filed their two-count complaint in March 2024. Compl. Count I alleges that the union breached Article 46, § 1 of the CBAs by "refus[ing] to provide signed and authenticated electronic dues authorization forms" and by "fil[ing] 17 [unfair labor practices] charges against the Hospitals for refusing to make the unauthorized pay deductions." Compl. ¶¶ 44–46. Count II alleges the union breached Article 46, § 5 of the CBAs by refusing to indemnify the hospitals for the costs incurred in defending against the unfair labor practice charges. *Id.* ¶¶ 48–53.

The union moves to dismiss both counts or, in the alternative, to stay Count II in the light of the parties' pending arbitration. Def.'s Mot. to Dismiss (Doc. 16) (MTD) at 6–13.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not

require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss" for failure to state a claim, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering the motion, courts accept the complaint's factual allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Courts should limit their "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004), *abrogated on other grounds by Twombly*, 550 U.S. 544.

## III.   ANALYSIS

Because the hospital's first breach-of-contract count fails to plausibly allege a breach, it is dismissed without prejudice. As for the second count, it is subject to arbitration under the parties' CBAs. Proceedings as to Count II are therefore stayed pending arbitration.

### A. The Hospitals' First Count Fails to State a Claim for Relief

First, the union contends that the Hospitals have not stated a claim for relief under section 301 of the Labor Management Relation Acts (LMRA) for Count I. MTD at 6–8; *see* 29 U.S.C. § 185. The LMRA authorizes an action in the nature of contract under federal common law. *See Textron Lycoming Reciprocating Engine Div., Avco Corp. v. United Auto., Aerospace, Agric. Implement Workers of Am., Int'l Union*, 523 U.S. 653, 656 (1998); *Textile Workers Union of Am. v. Lincoln Mills of Ala.*, 353 U.S. 448, 456 (1957) ("[T]he substantive law to apply in suits under s 301(a) is federal law, which the courts must fashion from the policy of our national labor laws."). It is a black-letter principle that to state a claim for breach of contract, a party must plausibly allege a breach. *See* 17B C.J.S. *Contracts* § 888 (May 2024 update) ("In order to recover for a breach of the contract, the plaintiff must allege the breach.").

The hospitals fail to do so. They claim that the union breached Article 46, § 1 of the CBA by failing to "provide signed and authenticated dues authorization forms" and by "filing 17 [unfair labor practice] charges against the Hospitals for refusing to make the

unauthorized pay deductions." Compl. ¶¶ 44–45; *see also* Pl.'s Resp. to MTD (Resp.) (Doc.

19) at 12–16. Article 46, § 1 reads in full:

> Section 1. Deductions and Remittance
>
> This Article will become effective the first pay period beginning (30) days after ratification of this Agreement and terminate upon expiration of this Agreement. Upon receipt of a properly executed written authorization from an Employee, the Hospital agrees to deduct from the Employee's bi-weekly pay a charge equal to the dues Union members pay, regardless of the Employee's status in the Union, and to remit that charge to the Union within fourteen (14) calendar days from the date of deduction, together with an electronic list of all Employees for whom deductions have been made and the amount of said deductions. In the event that no wages are due to an Employee, or the Employee's wages are insufficient to cover the authorized deductions the deductions shall be made from the first wages of adequate amount next due the Employee. The Hospital agrees to recognize electronic dues authorizations completed by the Employee and submitted by the Union, under the same terms and conditions as apply to other dues authorizations.

Compl. Ex. A (Doc. 1-1) at 2–3. Article 46, § 1 imposes obligations only on the hospitals,

not the union—for example, "to recognize electronic dues authorizations completed by the

Employee and submitted by the Union, under the same terms and conditions as apply to

other dues authorizations." *Id.* Because Article 46, § 1 contains no promises from the

union, there is nothing in that section for the union to breach.

The hospitals respond that Article 46, § 1 implicitly obligates the union to provide

properly signed an authenticated dues authorization forms and to refrain from filing unfair

labor practice charges based on Article 46. Resp. at 15–16. They rely principally on *Bankest

Imports, Inc. v. ISCA Corp.*, in which the court concluded that a financial services contract

included an implicit duty to segregate funds. 717 F. Supp. 1537, 1540 (S.D. Fla. 1989). Even if the federal common law recognizes implied contractual obligations in the labor relations context (*Bankest Imports* applied Florida law, which the hospitals stress does not apply here), the hospitals have not explained why a duty to provide signed dues authorizations or to refrain from filing unfair labor practices charges should be implied. *See* Resp. at 16 (vaguely alluding to "the relationship between the Hospitals and Union, the purpose of Article 46, and the legal requirements of the LMRA"). The hospitals also fail to plausibly allege such an implied duty in their complaint. *See* Compl. ¶¶ 41–47.

Because the hospitals fail to plausibly allege that the union breached their CBAs, Count I is dismissed without prejudice.

### B. The Union is Entitled to a Stay as to Count II

Next, the union argues that it is entitled to a stay as to Count II because the issues in Count II are pending in arbitration. The Federal Arbitration Act provides that a court must stay an action as to any "issue referable to arbitration" if asked by a party. 9 U.S.C. § 3; *see also Hernandez v. Acosta Tractors Inc.*, 898 F.3d 1301, 1305 (11th Cir. 2018) ("Section 3 of the FAA requires courts to stay a case that is covered by a binding arbitration clause so it may proceed in arbitration."). The union argues that because it has demanded

arbitration after filing a grievance concerning the hospitals' demand for indemnification, Count II, which implicates the same issues, must be stayed. MTD at 8–11.[2]

The union is right. Article 14, § 4(A) provides that any grievance "not satisfactorily resolved" by the parties is subject to arbitration at the union's election. (Doc. 16-1) at 36. The union filed a grievance that the hospitals "wrongfully seek[] indemnification for expenses and attorneys' fees incurred in defending against the union's enforcement of dues deductions required under Article 46" in breach of Article 46, § 5. (Doc. 16-2) at 1. After the parties failed to resolve that dispute, the union demanded arbitration as to that grievance. (Doc. 16-3) at 1. By comparison, Count II seeks damages because "[t]he Union has refused to indemnify and hold harmless the Hospitals for their defense of the Union's agency charges relating to [Article 46] of the CBAs." Compl. ¶ 53. Because the grievance is subject to arbitration and implicates the same issue raised by the hospitals in Count II, Count II raises an "issue referable to arbitration" and the union is entitled to a stay. 9 U.S.C. § 3; *Attix v. Carrington Mortg. Servs., LLC*, 35 F.4th 1284, 1294 (11th Cir. 2022) ("If the parties' arbitration agreement applies to their dispute and no grounds render it invalid or unenforceable, the court 'shall' . . . stay proceedings in federal court.").

---

[2] The documents filed by the union pertain only to one hospital—Kendall Regional Medical Center. *See* (Doc. 16-2) at 1; (Doc. 16-3) at 1–2, 6. As the parties treat the motion as applicable to all the hospitals, so do I.

The hospitals protest that the CBA's arbitration provision does not apply to Article 46, § 5 and that, in any event, no arbitration is pending. Resp. at 6–10. The thrust of the first argument is that, because Article 46, § 5 obligates only the union to indemnify the hospitals and imposes no express obligations on the hospitals, it is impossible for the hospitals to breach the provision such that the union could file a grievance. *Id.* at 7–9. Thus, with no grievance available, there would be nothing to arbitrate. *Id.* This argument puts the cart before the horse and asks me to adjudicate the merits of the union's grievance, something I may not do. *See AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986) ("[I]n deciding whether the parties have agreed to submit a particular grievance to arbitration, a court is not to rule on the potential merits of the underlying claims."); *Int'l Bhd. of Elec. Workers Sys. Council U-4 v. Fla. Power & Light Co.*, 627 F. App'x 898, 901 (11th Cir. 2015) (per curiam) ("[T]he potential weakness of the Union's claim on the merits is no defense to the arbitrability of this dispute, as a threshold question." (quoting *Int'l Bhd. of Elec. Workers Loc. 2150 v. NextEra Energy Point Beach, LLC*, 762 F.3d 592, 596 (7th Cir. 2014))). The CBAs provides that their grievance provisions apply generally to the agreement, except "those provisions which are not subject to" Article 14. (Doc. 16-1) at 35. As nothing in the CBAs excepts Article 46, § 5 from the grievance and arbitration regime, the union's grievance is arbitrable. *See Attix*, 35 F.4th at 1294 ("Under the FAA, 'any doubts concerning the scope of arbitrable issues should be

resolved in favor of arbitration.' " (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983))).

The hospitals' second argument—that no arbitration is pending—likewise fails. The hospitals say that no arbitration is pending because they "explicitly refused to arbitrate" as "the arbitration provisions of Article 14 do not apply to the indemnification provision of Article 46." Resp. at 9–10. As explained above, Article 14's arbitration provisions do apply. And the FAA does not require that an arbitration be pending for a matter to be stayed, only that the issue be "referable to arbitration" and the applicant for a stay not be "in default in proceeding with such arbitration." 9 U.S.C. § 3; *see Henandez*, 898 F.3d at 1305. The hospitals' resistance to the union's arbitration demand is not a reason to refuse a stay.[3]

Because the union has shown that Count II concerns an issue referrable to arbitration, it is entitled to a stay as to that Count.[4]

## IV.    CONCLUSION

Accordingly, the following is **ORDERED:**

---

[3] The union does not seek an order compelling the hospitals to arbitrate. *See generally* MTD.

[4] The union alternatively seeks Count II's dismissal in the light of the arbitration agreement. MTD at 8–11. Yet a stay, not dismissal, is the appropriate remedy here. *See Smith v. Spizzirri*, 601 U.S. 472, 475–76 (2024) ("When a federal court finds that a dispute is subject to arbitration, and a party has requested a stay of the court proceeding pending arbitration, the court does not have discretion to dismiss the suit on the basis that all [surviving] claims are subject to arbitration."); 9 U.S.C. § 3.

1.     The defendant's Motion to Dismiss (Doc. 16) is **GRANTED-IN-PART** and **DENIED-IN-PART.**

2.     Count I of the Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE.**

3.     Proceedings as to Count II of the Complaint are **STAYED** in the light of the parties' pending arbitration. The parties shall file a status report advising of the progress of the arbitration every ninety days, with the first report due on **March 3, 2025**.

**ORDERED** in Tampa, Florida, on December 4, 2024.

Kathryn Kimball Mizelle
United States District Judge