UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENDALL HEALTHCARE
GROUP, LTD., et al.

    Plaintiffs,

v.                                               Case No: 8:24-cv-0785-KKM-CPT

1199SEIU, UNITED HEALTHCARE
WORKERS EAST, FLORIDA REGION,

    Defendant.
_____

## ORDER

Plaintiff hospitals move for reconsideration of this Court's order staying Count II of the Complaint pending resolution of a related union-initiated arbitration. Mot. for Recons. (MFR) (Doc. 44); Stay Order (Doc. 42). For the reasons below, that motion is denied.

A district court may reexamine and revise any interlocutory order up until the entry of judgment. *See* FED. R. CIV. P. 54(b). Usually, though, "district courts should hesitate before revisiting their earlier interlocutory orders; important interests of finality, stability, and predictability underly that justifiable caution." *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1380 (11th Cir. 2024). Resolution of a motion for reconsideration is thus a matter vested in the district court's discretion. *Id.* at 1381. A district court should

readily grant a motion for reconsideration if that motion meets the higher standards for relief from judgment laid out in Federal Rules of Civil Procedure 59(e) and 60(b), while it may typically reject a motion "that simply rehash[es] arguments already considered and rejected." *Id.*

The hospitals seek relief from the Stay Order for two reasons. First, they argue that that the Order conflicts with the Eleventh Circuit's precedential decision in *Jim Walter Resources, Inc. v. United Mine Workers of America*, 663 F.3d 1322 (11th Cir. 2011). MFR at 5–16. Second, they contend that the Stay Order "extinguished their ability to pursue their section 301 claim." MFR at 17–18 (cleaned up). Neither argument justifies vacatur or revision of the Stay Order.

To start, the Stay Order does not conflict with *Jim Walter*. In that case, the Eleventh Circuit held that it was error to compel an employer to arbitrate based on aspirational contract language where "the employee[-]oriented grievance machinery in the parties' contract qualifies and limits the universe of claims and grievances subject to arbitration, and the language negates the intention that the employer's claim for damages must be submitted to arbitration." *Jim Walter*, 663 F.3d at 1328. In the hospitals' view, if "district courts cannot compel . . . arbitration [of] an employer's claim for damages against [a] union," when the parties' collective bargaining agreement includes an employee-centric grievance regime, "then litigation brought by a plaintiff-employer cannot be stayed for the

2

[u]nion to seek arbitration on its own claims." MFR at 2 (emphasis omitted). That conclusion does not follow.

The hospitals fail to attend carefully to the difference between claims and issues. *Jim Walter* held only that a district court could not compel an employer to arbitrate a claim that was not arbitrable under the parties' collective bargaining agreement. 663 F.3d at 1328. The Stay Order dealt with the distinct question of whether a district court must stay an action when a non-arbitrable *claim* properly before the court implicates an arbitrable *issue* and the party entitled to arbitrate the issue seeks to do so. Stay Order at 7–10.[1] Under those circumstances, the Federal Arbitration Act requires that the district court stay the action pending the arbitration, as its stay provision operates at the level of the issue, not the claim. *See* 9 U.S.C. § 3; *see also Burch v. P.J. Cheese, Inc.*, 861 F.3d 1338, 1345 (11th Cir. 2017) ("9 U.S.C. § 3 directs courts to stay their proceedings in any case raising a dispute on an issue referable to arbitration."); *Reinhart v. Asset Managing Grp., Inc*, No. 3:16-CV-439-J-39MCR, 2016 WL 11530541, at *3 (M.D. Fla. Nov. 21, 2016) ("[T]he FAA 'provides

---

[1] Contra the hospitals, it was thus necessary to determine whether the union's grievances were arbitrable to adjudicate the union's motion for a stay. *See* MTS at 3 n.1 (contending that "the Court should not have ruled on whether or not the [u]nion's grievances were arbitrable"). And the hospitals' view that I should have considered only their complaint in adjudicating the union's grievances' arbitrability would eviscerate § 3. *Id.* Were that true, a defendant could seek a stay to which he was legally entitled only if he were so fortunate as to have his adversary plead the existence of a separate, possibly conflicting arbitral proceeding. That is not the law. *See Blalock v. Dillard's Dep't Stores, Inc.*, No. 604CV1464ORL19JGG, 2005 WL 8159917, at *4 (M.D. Fla. Jan. 20, 2005) (denying without prejudice a motion to stay proceedings and compel arbitration in the absence of evidence that the plaintiff had notice of an arbitration program); *cf. Comer v. City of Palm Bay*, 265 F.3d 1186, 1191 (11th Cir. 2001) (per curiam).

for stays of proceedings in federal district courts when *an issue* in the proceeding is referable to arbitration,' *i.e.*, 'any issue referable to arbitration,' " not necessarily when all issues are referable to arbitration." (citations omitted) (first quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991), then quoting 9 U.S.C. § 3)), *report and recommendation adopted sub nom. Reinhart v. Asset Mgmt. Grp., Inc.*, No. 3:16-CV-439-J-39MCR, 2017 WL 10651308 (M.D. Fla. Jan. 26, 2017).

    As explained in the Stay Order, both Count II of the hospitals' complaint and the union's grievances implicate the same core issue—whether the hospitals were entitled to seek first-party indemnification from the union. *Compare* Stay Order at 8 ("The union filed a grievance that the hospitals 'wrongfully seek[] indemnification for expenses and attorneys' fees incurred in defending against the union's enforcement of dues deductions required under Article 46' in breach of Article 46, § 5." (alteration in the original) (quoting (Doc. 16-2) at 1)), *with id.* (Count II seeks damages because "[t]he Union has refused to indemnify and hold harmless the Hospitals for their defense of the Union's agency charges relating to [Article 46] of the CBAs." (alterations in the original) (quoting Compl. (Doc. 1) ¶ 53.)). Because the hospital's claim involves a dispute about an issue referrable to arbitration, a stay pending resolution of the arbitration on that issue was, and remains, proper.

As for the hospital's argument that the Stay Order "has left the [h]ospitals in limbo and effectively unable to pursue its claims for the [u]nion's breach of the indemnity provision in any forum," MFR at 17, that is true enough. Stays often put prosecution of a party's claims on pause. But the hospitals are free to litigate the issue central to their claim—whether they are entitled to first-party indemnification under Article 46, § 5—in the arbitration. If the hospitals prevail on that issue, they may move to lift the stay and seek adjudication of any remaining issues in this action. *See* Resp. (Doc. 52) at 8 (conceding that the hospitals can pursue their claim in this action if they prevail in the arbitration); *see also It Works Mktg., Inc. v. Melaleuca, Inc.*, No. 8:20-CV-1743-KKM-TGW, 2022 WL 22865423, at *5 (M.D. Fla. Jan. 20, 2022) ("Where an arbitration decision 'affords basic elements of adjudicatory procedure, such as an opportunity for presentation of evidence, the determination of issues in an arbitration proceeding should generally be treated as conclusive in subsequent proceedings, just as determinations of a court would be treated'" (quoting *Greenblatt v. Drexel Burnham Lambert, Inc.*, 763 F.2d 1352, 1360 (11th Cir. 1985))). Nothing in the Stay Order prevents the hospitals from having their claim ultimately adjudicated.[2]

---

[2] Though not relevant to their argument here, the hospitals opine—without citation—that the Stay Order "denied the [u]nion's substantive motion to dismiss Count II on the merits, recognizing that the [h]ospitals have a valid claim for indemnity against the [u]nion." MFR at 2. Nothing in the Stay Order implies that the Court concluded that Count II stated a claim for relief.

Accordingly, the following is **ORDERED**:

1. The hospitals' Motion for Reconsideration (Doc. 44) is **DENIED**.

2. The hospitals' Motion for Leave to File Reply (Doc. 55) is **DENIED AS MOOT.**

**ORDERED** in Tampa, Florida, on February 18, 2025.

Kathryn Kimball Mizelle
United States District Judge