UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENDALL HEALTHCARE
GROUP, LTD., et al.

      Plaintiffs,

v.                                                    Case No. 8:24-cv-785-KKM-CPT

1199SEIU, UNITED HEALTHCARE
WORKERS EAST, FLORIDA REGION,

      Defendant.

_____

## ORDER

The defendant union moves to consolidate this case with case number 8:24-cv-2854-KKM-LSG. Mot. to Consol. (MTC) (Doc. 43). For the reasons below, that motion is denied without prejudice.

Under Rule 42(a), "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Similarly, Local Rule 1.07(b) allows for consolidation if separate actions "present the probability of inefficiency or inconsistency." "[T]he decision to invoke [Rule 42] is entirely within the discretion of the district court as it seeks to promote the administration of justice." *Gentry v. Smith*, 487 F.2d 571, 581 (5th

Cir. 1973).[1] The Eleventh Circuit has "encouraged trial judges to 'make good use of Rule 42(a) . . . in order to expedite . . . trial and eliminate unnecessary repetition and confusion.' " *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (first omission in the original) (quoting *Dupont v. S. Pac. Co.*, 366 F.2d 193, 195 (5th Cir. 1966)). In exercising my discretion under Rule 42, I consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* (alterations in the original) (quoting *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982)).

The sole remaining count in this action is for breach of contract under the Labor Management Relations Act, 29 U.S.C. § 185, by seventeen hospitals against their union for failure to indemnify the hospitals under Article 46 of the parties' collective bargaining agreements. Compl. (Doc. 1) ¶¶ 48–53 (Count II); *see* (Doc. 42) (dismissing Count I). The action that the union wishes to consolidate seeks to compel the hospitals to arbitrate the union's grievances claiming that the hospitals breached Article 46 by demanding

---

[1] The Eleventh Circuit adopted as binding precedent all decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to the close of business on September 30, 1981. *See Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

indemnification. Compl. ¶¶ 32–33, 43–51, *1199SEIU United Healthcare Workers East, Florida Region v. Kendall Healthcare Group, Ltd.*, No. 8:24-cv-2854-KKM-LSG (M.D. Fla. Dec. 10, 2024).

I decline to consolidate the cases. Consolidation will produce no additional efficiency, but it risks creating a confusing docket. The sole surviving count in this case is stayed—and will remain stayed absent changed circumstances—until either the parties complete their arbitration of the union's grievances or the hospitals successfully resist the union's efforts to compel them to arbitrate. *See* Order Granting Mot. to Stay (Doc. 42); Order Denying Mot. for Recons. (Doc. 56). Consolidating the cases would thus nest the union's action to compel arbitration within the hospital's breach of contract case, with the entire former action playing out before any more progress in the latter action can take place. As the cases cannot be adjudicated simultaneously, consolidation would serve only to complicate the docket.

On the other hand, keeping the cases separate will cause no prejudice. Because the cases cannot proceed at the same time, declining to consolidate them does not risk "inconsistent adjudications," increased costs, or a lengthened timeline. *Hendrix*, 776 F.2d at 1495 (quoting *Arnold*, 681 F.2d at 193); *see also* Local Rule 1.07. While the union argues that separate adjudication is inefficient because it briefed the arbitrability of its grievances in its Motion to Dismiss or Stay, (Doc. 16), in this action, MTC at 4, the burden

of filing briefs that raise the same arguments in the second action is minimal. If separate adjudication proves to be onerous in practice, the union may renew its motion to consolidate.

Accordingly, the following is **ORDERED**:

1. Defendant 1199SEIU, United Healthcare Workers East, Florida Region's Motion to Consolidate Cases (Doc. 43) is **DENIED WITHOUT PREJUDICE.**

2. The clerk is directed to **ADMINISTRATIVELY CLOSE** this case.

**ORDERED** in Tampa, Florida, on March 5, 2025.

Kathryn Kimball Mizelle
United States District Judge

4